UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

PERRY GRAVES                                                         **Plaintiff**

v.                                                   Civil Action No. 1:23-cv-183-RGJ

CHRISTERFER PATTON                                                   Defendant

* * * * *

## MEMORANDUM OPINION

Plaintiff Perry Graves filed a *pro se*, *in forma pauperis* civil complaint against Christerfer Patton.  [DE 1].  This matter is before the Court for an initial review of the complaint pursuant to 28 U.S.C. § 1915(e).  For the reasons that follow, the action will be dismissed.

### I.

In December 2023, Plaintiff filed this *pro* se complaint against Defendant Christerfer Patton ("Dr. Patton") using a court-approved complaint form.  [DE 1].  Both parties are residents of Kentucky.  [*Id.* at 4].  Plaintiff alleges that Dr. Patton is an orthopedic surgeon who reviewed an x-ray of Plaintiff's knee and after a long delay, "pretended to do the surgery" at Greenview Hospital in Bowling Green, Kentucky.  [*Id.* at 1–2].  Plaintiff contends that after the surgery his knee continued to hurt which "let [him] know that [] Dr. Patton had or has not operated on my leg."  [*Id.* at 2].  Plaintiff asserts that despite Dr. Patton not operating on him, the "government has paid Dr. Patton a check for surgery."  [*Id.*].

Essentially, Plaintiff claims that Dr. Patton falsely represented that Plaintiff received surgery and received an insurance payment from the federal government even though the surgery never occurred.  [*Id.* at 5].  The Court construes Plaintiff's complaint to assert state law claims of medical malpractice and fraud, as well federal claims alleging violations of the False Claims Act.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v.*

2

*M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

"The False Claims Act 'provide[s] for restitution to the government of money taken from it by fraud.'"  *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005) (internal citation omitted); 31 U.S.C. § 3729, *et seq.*  The United States allows private citizens to bring certain claims under the False Claims Act on its behalf as a qui tam plaintiff under certain circumstances and to share in any resulting award.  31 U.S.C. § 3730(b)(1).  "'[W]hile the False Claims Act permits relators to control the False Claims Act litigation, the claim itself belongs to the United States.'" *Downey v. United States*, 816 F. App'x 625, 627 (3d Cir. 2020) (quoting *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008)).  The Sixth Circuit has held that "a plaintiff proceeding pro se cannot bring a qui tam claim under the False Claims Act on behalf of the government." *Stephens v. Nat'l City Corp.*, No. 20-3746, 2021 WL 3027864, at *4 (6th Cir. June 14, 2021) (citing *Downey v. United States*, 816 F. App'x 625, 627 (3d Cir. 2020) (per curiam); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93–94 (2d Cir. 2008)); *see also McGhee v. Light*, 384 F. Supp. 3d 894, 896 (S.D. Ohio 2019) (list of cases).  Accordingly, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

Furthermore, in as much as Plaintiff attempts to bring a claim against Dr. Patterson under the federal health care fraud statute, 18 U.S.C. § 1347, as well, this statute "does not provide private individuals with the right to bring a cause of action to enforce its provisions." *Mugabo v. Wagner*,

3

No. 22-CV-930-A, 2024 WL 1621534, at *3 (W.D.N.Y. Apr. 15, 2024); *Houston v. Highland Care Ctr., Inc.*, No. 23CV8186AMDLB, 2024 WL 638721, at *3 (E.D.N.Y. Jan. 26, 2024); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 78–79 (D. Conn. 2007) (dismissing claims because the plaintiffs did not have standing to invoke a cause of action for Medicare and Medicaid fraud).

"Absent a viable federal claim -- or diversity of citizenship -- the Court should decline to exercise supplemental jurisdiction" and dismiss Plaintiff's state law claims for medical malpractice and fraud without prejudice to refiling those claims in the state court. *McGhee v. Light*, 384 F. Supp. 3d 894, 897–98 (S.D. Ohio 2019) (quoting *Booker v. City of Beachwood*, 451 F. App'x 521, 522–23 (6th Cir. 2011) ("Once [a] district court dismisse[s] all of the claims over which it ha[s] original jurisdiction, it act[s] squarely within its discretion by declining supplemental jurisdiction over the remaining [state law] claim[s] and dismissing [them] without prejudice"); 28 U.S.C. § 1367).

## IV.

The Court will dismiss this action by separate Order.

Date:   April 24, 2024

Rebecca Grady Jennings, District Judge
United States District Court

cc:   Plaintiff, *pro se*
A961.014